# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

ALPHONSE C. PORTER                                    CIVIL ACTION

VERSUS

UNKNOWN WILLIS, ET AL.                                NO. 14-00524-BAJ-SCR

## RULING AND ORDER

Before the Court is a motion filed by Alphonse C. Porter ("Plaintiff") styled **"Prospective Reliefs" Preliminary Injunctions (Doc. 18)**. In his motion, Plaintiff asserts that he has received deficient medical care and thus, he is likely to suffer irreparable harm due to declining health if this Court does not issue a preliminary injunction. (Doc. 18 at p. 1-2). He further asserts that he is "likely to show at trial" that the Defendants violated his rights, and that an injunction will serve the public interest. (Doc. 18 at p. 2).

As a preliminary matter, the Court notes that "[a] preliminary injunction is an extraordinary and drastic remedy; it is never awarded as of right." *Munaf v. Geren*, 553 U.S. 674, 689-90 (2008) (internal citations and quotations omitted). *See also Allied Marketing Group, Inc. v. CDL Marketing, Inc.*, 878 F.2d 806, 809 (5th Cir. 1989) (injunctive relief "is an extraordinary remedy and should be granted only if the movant has clearly carried the burden of persuasion with respect to all four factors"); *Mississippi Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985) ("[t]he decision to grant a request for preliminary injunction is to

be treated as the exception rather than the rule"). The decision whether to grant or deny a request for a preliminary injunction is within the sound discretion of the court. *See Allied Marketing Group, Inc.*, 878 F.2d at 809. At all times, the burden of persuasion remains on the plaintiff as to each of the four elements. Specifically, the plaintiff must establish: (1) a substantial likelihood of prevailing on the merits; (2) a substantial threat of irreparable injury if the injunction is not granted; (3) the threatened injury outweighs any harm that will result to the non-movant if the injunction is granted; and (4) the injunction will not disserve the public interest. *See Ridgely v. Fed. Emergency Mgmt. Agency*, 512 F.3d 727, 734 (5th Cir. 2008). If the plaintiff fails to meet his burden regarding any of the necessary elements, the Court need not address the other elements necessary for granting a preliminary injunction. *See Roho, Inc. v. Marquis*, 902 F.2d 356, 261 (5th Cir. 1990) (declining to address the remaining elements necessary to obtain a preliminary injunction after finding that the plaintiff failed to show a substantial likelihood of success on the merits).

Here, the Court finds that Plaintiff has failed to meet his burden with respect to each of the required elements. Plaintiff's motion provides no specifics about the merits of his claim, nor does he distinguish how the circumstances have changed since the filing of his Complaint nearly a year ago. (*See* Doc. 1). Instead, Plaintiff merely parrots the language of the four requisite elements, before detailing the seven forms of relief he requests. (Doc. 18 at p. 3-4). Though the Court is mindful that Plaintiff is a pro se litigant, his motion remains wholly insufficient to warrant

granting the relief he seeks at this stage. Importantly, "only those injuries that cannot be redressed by the application of a judicial remedy after a hearing on the merits can properly justify a preliminary injunction." *Canal Auth. of State of Fla. v. Callaway*, 489 F.2d 567, 573 (5th Cir. 1974). Having failed to make the proper showing that his case falls within this exceedingly narrow exception, Plaintiff's motion must be **DENIED.**

Baton Rouge, Louisiana, this ___10th___ day of July, 2015.


**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**