UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ALPHONSE C. PORTER (#380822)                                 CIVIL ACTION

VERSUS

SERGEANT WILLIS, ET AL.                                          NO. 14-0524-BAJ-EWD

## NOTICE

       Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

       In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

       ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

       Signed in Baton Rouge, Louisiana, on February 16, 2016.

                                                                   ERIN WILDER-DOOMES
                                                                   UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ALPHONSE C. PORTER (#380822)                     CIVIL ACTION

VERSUS

SERGEANT WILLIS, ET AL.                          NO. 14-0524-BAJ-EWD

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the defendants' Motion for Summary Judgment (R. Doc. 17). This motion is not opposed.

The *pro se* plaintiff, an inmate incarcerated at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Sgt. Walt Willis, Lt. James Spurlock, E.M.T. Brooke Summers and Dr. Randy Lavespere, complaining that his constitutional rights were violated on October 1, 2013, when he sustained injury while being transported to a prison work site, and also thereafter when prison officials failed to attend to his resulting medical needs.

The defendants move for summary judgment relying upon the pleadings, a Statement of Undisputed Facts, excerpts from the plaintiff's medical records, photographs taken of the vehicle in which the plaintiff was a passenger on October 1, 2013, photographs of the area where the vehicular incident occurred on that date, and the affidavits of defendants Randy Lavespere, Brooke Summers, Walt Willis and James Spurlock.

Pursuant to well-established legal principles, summary judgment is appropriate where there is no genuine disputed issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Rule 56, Federal Rules of Civil Procedure. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). A party moving for summary judgment must inform the Court of the basis for the motion and identify those portions of the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, that

show that there is no such genuine issue of material fact. *Celotex Corp. v. Catrett*, *supra*, 477 U.S. at 323. If the moving party carries its burden of proof under Rule 56, the opposing party must direct the Court's attention to specific evidence in the record which demonstrates that the non-moving party can satisfy a reasonable jury that it is entitled to a verdict in its favor. *Anderson v. Liberty Lobby, Inc.*, *supra*, 477 U.S. at 248. This burden is not satisfied by some metaphysical doubt as to alleged material facts, by unsworn and unsubstantiated assertions, by conclusory allegations, or by a mere scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Rather, Rule 56 mandates that summary judgment be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, *supra*, 477 U.S. at 323. Summary judgment is appropriate in any case where the evidence is so weak or tenuous on essential facts that the evidence could not support a judgment in favor of the non-moving party. *Little v. Liquid Air Corp.*, *supra*, 37 F.3d at 1075. In resolving a motion for summary judgment, the Court must review the facts and inferences in the light most favorable to the non-moving party, and the Court may not evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes. *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991).

In his Complaint, the plaintiff alleges that on October 1, 2013, he was ordered to sit with approximately 50 other inmates in an open "hootenanny trailer" to be driven to his assigned prison work site. The plaintiff alleges that the trailer was not equipped with seat belts and that, *en route*, the operator of the vehicle, Sgt. Walt Willis, made an inappropriate turn and caused the rear wheels of the trailer to jolt into and out of a ditch, resulting in the inmates being bounced around on the trailer. The plaintiff alleges that he suffered a puncture wound and resulting pain and numbness in his left leg and lower back. According to the plaintiff, defendant Spurlock was in another vehicle and witnessed the accident but allowed or encouraged defendant Willis to continue to the work site. At the work site,

the plaintiff declared a medical emergency, at which time defendant E.M.T. Brooke Summers was called to the site and examined the plaintiff and other inmates. The plaintiff alleges that although he complained of pain and a "bruised bloody pierced back," defendant Summers disregarded the plaintiff's injuries and complaints and merely gave the plaintiff 4 Ibuprofens and 2 Band-Aids. Finally, the plaintiff asserts that he was not seen by a physician until approximately 2 weeks later when he was examined by defendant Dr. Randy Lavespere. According to the plaintiff, the examination at that time was cursory, and the defendant declined the plaintiff's request to see a nerve and back specialist. The plaintiff acknowledges, however, that Dr. Lavespere prescribed a "high dosage steriod [sic] shot" and ordered x-rays of the plaintiff's back. The plaintiff complains that it was not until several months later that he was finally seen by another physician who ordered additional medication and a consultation with a neurologist.

Initially, the defendants seek dismissal of the plaintiff's claim for monetary damages asserted against them in their official capacities. In this regard, the defendants are correct that section 1983 does not provide a federal forum for a litigant seeking to recover monetary damages against a state official acting in an official capacity because such an official is not seen to be a "person" within the meaning of § 1983. *Will v. Michigan Department of State Police*, 491 U.S. 58, 64 (1989); *see also Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002). Additionally, in *Hafer v. Melo*, 502 U.S. 21 (1991), the United States Supreme Court addressed the distinction between official capacity and individual capacity claims and made clear that a claim asserted against a state official in an official capacity for monetary damages is treated as a claim asserted against the state and is therefore barred by the Eleventh Amendment. *Id*. at 25. Accordingly, the plaintiff's claim for monetary damages asserted against the defendants in their official capacities is subject to dismissal. In contrast, the plaintiff's claim for monetary damages asserted against the defendants in their individual capacity remains theoretically viable because a claim for monetary damages asserted against a state official in an individual capacity,

seeking to impose personal liability for actions taken by the official under color of state law, is not treated as a suit against the state. *Id*.

Turning to the plaintiff's claims asserted against the defendants in their individual capacities, the defendants next assert that they are entitled to qualified immunity in connection with the plaintiff's claims. Specifically, the defendants contend that the plaintiff has failed to present facts sufficient to support a finding that the defendants violated the plaintiff's constitutional rights, either through deliberate indifference to the plaintiff's health or safety or through a failure to attend to his serious medical needs.

The qualified immunity defense is a familiar one and, employing a two-step process, operates to protect public officials who are performing discretionary tasks. *Huff v. Crites*, 473 Fed. Appx. 398 (5th Cir. 2012). The Court considers whether, taking the facts as alleged in the light most favorable to the plaintiff, the defendants' conduct violated the plaintiff's constitutional rights and whether the rights allegedly violated were clearly established at the time that the violation occurred. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009) (holding that the protocol mandated in *Saucier v. Katz*, 533 U.S. 194 (2001), should not be "regarded as an inflexible requirement," but may be considered if a court wishes). Courts now have discretion to decide which of the two prongs of the analysis to address first. This inquiry, the Court stated, is undertaken in light of the specific context of the case, not as a broad, general proposition. *Saucier,* 194 U.S. at 201. The relevant, dispositive inquiry in determining whether a constitutional right was clearly established is whether it would have been clear to a reasonable state official that his conduct was unlawful in the situation which he confronted. *Id.* at 202.

Undertaking the qualified immunity analysis with respect to the plaintiff's claims, the Court finds that the defendants' motion for summary judgment should be granted. Specifically, the Court finds that the plaintiff has failed to allege facts or present evidence sufficient to support a finding that

the defendants have violated the plaintiff's constitutional rights.

Initially, the plaintiff asserts a claim regarding the occurrence of the accident on October 1, 2013, complaining that the "hootenanny trailer" in which he was transported was unsafe and that defendant Willis operated the vehicle in an unsafe manner. In this regard, under the Eighth Amendment to the United States Constitution, the conditions to which inmates are subjected in state prisons must be humane and must not involve the unnecessary and wanton infliction of pain. *Wilson v. Seiter*, 501 U.S. 294, 297 (1991), *citing Estelle v. Gamble*, 429 U.S. 97, 104 (1976). In order for there to be liability under § 1983, a prison official must be found to have had a "sufficiently culpable state of mind." *See id.* at 297. Mere negligence is not enough. *Clerkley v. Roberts*, 278 Fed. Appx. 364, 365 (5th Cir. 2008); *Thompkins v. Belt*, 828 F.2d 298, 303 (5th Cir. 1987). Whether a claim is characterized as exposure to inhumane conditions of confinement, as a failure to attend to medical needs, or as a combination of both, it is appropriate to apply the "deliberate indifference" standard articulated in *Estelle v. Gamble, supra*. "Absent intentional conduct, an Eighth Amendment claim requires that a prison official have acted with deliberate indifference to the needs of the inmate, exposing the inmate to a substantial risk of serious harm." *Clerkley v. Roberts, supra*, 278 Fed. Appx. at 365; *Baker v. Alford*, 2011 WL 2601516 (N.D. Tex. May 20, 2011); *Crayton v. Quarterman*, 2009 WL 3740650 (N.D. Tex. Nov. 6, 2009). In applying this standard, the determinative question is whether a defendant prison official subjectively knew that an inmate faced a substantial risk of serious harm, yet disregarded that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Applying this test to the facts of the instant case, it appears that the plaintiff's allegations present a claim based more on an assertion of mere negligence than of deliberate indifference. Although he complains that the "hootenany trailer" was not equipped with restraints, the United States Court of Appeals for the Fifth Circuit has concluded on numerous occasions that a mere failure to

provide seatbelts to inmates transported in vehicles does not, without more, amount to deliberate indifference to the inmate's safety. *See Cooks v. Crain*, 327 Fed. Appx. 493 (5th Cir. 2009); *Bell v. Norwood*, 325 Fed. Appx. 306 (5th Cir. 2009). *See also Walls v. Kaho*, 2009 WL 901917 (S.D. Miss. March 31, 2009), and cases cited therein. Further, although the plaintiff asserts that defendant Willis was inexperienced and made an "inappropriate turn," see R. Doc. 1 at p. 5, these assertions are purely conclusory and are not supported by anything in the record. To the contrary, the plaintiff acknowledges that the incident occurred as the vehicle was turning out of a parking lot, and he estimates that the vehicle was being operated at the relatively slow rate of "15-20 mph." *See id.* Finally, the plaintiff makes no assertion that any defendant was subjectively aware that the method used to transport the plaintiff and other inmates was unsafe, as for example through subjective knowledge of the occurrence of other accidents or injuries. *Cf. Rogers v. Boatright*, 709 F.3d 403 (5th Cir. 2013) (reversing the frivolous dismissal of an inmate's claim arising from a motor vehicle accident where the inmate alleged that the operator was driving recklessly, "darting in and out of traffic at high speeds," and that similar accidents had happened previously). Thus, the occurrence of the accident in this case does not, without more, demonstrate a "subjective belief on the part of the defendants that [the plaintiff] was being placed at substantial risk of serious harm." *See Crumbliss v. Darden*, 469 Fed. Appx. 325, 327 (5th Cir. 2012) (rejecting an inmate's claim arising from the failure to provide tie-down straps while transporting him in a wheelchair). Accordingly, the plaintiff's claim regarding the occurrence of the referenced accident should be dismissed.

The plaintiff also complains that after the referenced accident, defendants Spurlock, Summers and Lavespere failed to take appropriate action to provide medical care in response to the plaintiff's injury and complaints of pain. However, in order for there to be liability in connection with a claim of deliberate medical indifference, an inmate plaintiff must be able to show that medical care has been denied and that the denial constituted "deliberate indifference to serious medical needs." *Estelle v.*

*Gamble*, 429 U.S. 97, 106 (1976); *Johnson v. Treen*, 759 F.2d 1236, 1237 (5th Cir. 1985). Whether the plaintiff received the medical treatment or accommodation that he believes he should have is not the issue. *Estelle v. Gamble, supra*. Nor do negligence, neglect, medical malpractice or unsuccessful medical treatment give rise to a § 1983 cause of action. *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991). Rather, "subjective recklessness as used in the criminal law" is the appropriate definition of "deliberate indifference" under the Eighth Amendment. *Farmer v. Brennan*, 511 U.S. 825, 839-30 (1994). As stated in *Farmer*, to be liable on a claim of deliberate indifference, an official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. The deliberate indifference standard sets a very high bar in the medical context: the plaintiff must be able to establish that the defendant "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Domino v. Texas Dept. of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001), *quoting Estelle v. Gamble, supra*. Further, a mere delay in providing medical treatment does not amount to a constitutional violation without both deliberate indifference and a resulting substantial harm. *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993).

Applying the foregoing principles, it is clear that the plaintiff has failed to allege facts or present evidence sufficient to support a claim of deliberate medical indifference on the part of the defendants. Specifically, whereas the plaintiff complains that defendant Lt. Spurlock did not immediately call for medical attention when the wheel of the "hootenanny trailer" bounced in an out of a roadside ditch, the plaintiff concedes that he was allowed to declare a medical emergency shortly thereafter, when the vehicle arrived at the job site. Thus, if anything, this complaint amounts to one of mere delay that is not actionable absent a showing of both deliberate indifference and a resulting substantial harm, neither of which is alleged or shown. *See Mendoza v. Lynaugh, supra*. Further,

the plaintiff acknowledges that, upon arrival at the job site, a medical provider, defendant Summers, was called to the scene, who did in fact conduct examinations and provide treatment to those inmates who voiced complaints, including the plaintiff.  *See* R. Docs. 17-5, 17-6 and 17-7.  According to defendant Summers, the plaintiff complained of lower back and left leg pain but, upon examination, was "in zero acute distress" and had "no deformities, no scratches, no visible trauma, full range of motion, and no spasms …[and] was ambulatory with no other complaints."  *See* R. Doc. 17-5.  Defendant Summers asserts that she provided the plaintiff with over-the-counter pain medication at that time, which is what she deemed appropriate for his condition and complaints.  *See id*.  Finally, whereas the plaintiff continued to complain, during the ensuing days and months, of symptoms allegedly resulting from the referenced incident of October 1, 2013, the defendants have presented evidence that reflects that the plaintiff was consistently provided with attention when he complained and was also provided with treatment and diagnostic testing that medical providers thought to be warranted in light of his objective symptoms.  *See* R. Docs. 17-3 and 17-4.  Thus, he was seen by medical technicians twice on October 1, 2013, and also on October 3 and 24, 2013, and he was seen and evaluated by defendant Lavespere on October 9, 2013.  *See id*.  According to the affidavit of defendant Lavespere and the attached medical records, the plaintiff at no time exhibited significant objective symptoms, and he was provided with medications and diagnostic testing that were thought to be appropriate for his condition.  This unrefuted evidence adduced by the defendants makes clear that the plaintiff's complaints were not ignored.  Although the plaintiff may not have been happy with the medical care and treatment provided, such dissatisfaction does not support a claim of deliberate medical indifference, and the available evidence in no way indicates deliberate medical indifference on the part of defendant Lavespere or any other health care provider at the prison.  Thus, there is no evidence in the record that supports the imposition of liability against the defendants, and they are entitled to summary judgment as a matter of law in connection with the plaintiff's claims.

Finally, in addition to the foregoing, the record reflects that the plaintiff has not filed any opposition in response to the instant motion. In the context of a motion for summary judgment, it is well-settled that a plaintiff may not rest upon mere allegations or assertions contained in his Complaint in opposing a properly supported motion. *Celotex Corp. v. Catrett, supra*, 477 U.S. at 324. Specifically, Rule 56 requires that, in response to such a motion, the nonmoving party must "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id*. Stated another way, in order to meet his burden of proof, the party opposing a motion for summary judgment "may not sit on its hands, complacently relying" on the pleadings. *Weyant v. Acceptance Insurance Co.*, 917 F.2d 209, 212 (5th Cir. 1990). When a party does not file an opposition to a motion for summary judgment, the Court is permitted to consider the facts presented in support of the motion as undisputed and to grant summary judgment if the facts show that the movants are entitled to judgment in their favor. *See Jegart v. Roman Catholic Church Diocese of Houma - Thibodaux*, 384 Fed. Appx. 398, *2 (5th Cir. 2010). Further, pursuant to Local Rule 56(b) of this Court, the plaintiff's failure to oppose the defendants' motion for summary judgment allows the Court to conclude that all of the facts contained in the defendants' Statement of Uncontested Material Facts are deemed to be admitted. In the instant case, despite notice and an opportunity to appear, the plaintiff has not come forward with any opposition to the defendants' motion for summary judgment or to the documentary evidence produced in support thereof. Accordingly, there is nothing before the Court which tends to dispute the defendants' assertions regarding the plaintiff's medical care as discussed above. Accordingly, based upon the plaintiff's failure in this case to oppose the defendants' motion, failure to designate specific evidence in the record of sufficient caliber and quantity to create a genuine issue for trial, and failure to produce supporting evidence on his own behalf, the Court concludes that the defendants' motion is well-taken and that, on the record before the Court, the defendants are entitled

to summary judgment as a matter of law.

## RECOMMENDATION

It is recommended that the defendants' Motion for Summary Judgment (R. Doc. 17), be granted, dismissing the plaintiff's claims asserted against the defendants, with prejudice, and that this action be dismissed.

Signed in Baton Rouge, Louisiana, on February 16, 2016.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**